## Sprouls, et al. v. Hayes.

(Decided May 9, 1911.)

### Appeal from Knox Circuit Court.

Land—Action to Recover—Judgment of Chancellor—In an action for the recovery of a boundary of land, it being impossible to determine from the record which party is entitled to recover, the judgment of the chancellor will be relied on and his finding upheld.

J. D. TUGGLE, JAS. D. BLACK, P. D. BLACK, B. B. GOLDEN and W. R. BLACK for appellants.

J. SMITH HAYES, DISHMAN & DISHMAN and JAMES M. HAYES for appellee.

Opinion of the Court by Judge Nunn—Affirming.

Appellee sued J. C. Sprouls and T. E. B. Siler for the following boundary of land:

"Beginning at an ash and hornbeam; thence west 20 poles to a red oak; thence N. 23 W. 50 poles to a hickory and maple, William Collins' corner; thence N. 50 W. 50 poles with said Collins' line to a stake, said Collins' corner; thence N. 25 W. 50 poles to a stake; thence S. 60 W. 125 poles to a stake; thence S. 50 E. 180 poles to a stake; thence N. 45 E. 75 poles to the beginning. Being the same land surveyed May 29, 1855, in the name of Moses

F. Ingram and lying on the ridge between Brush and Greasy Creeks.''

Sprouls answered claiming that he patented fifteen acres of land and sold it to J. C. McVey; that McVey was then the owner of it, and that he did not know whether it was in the patent boundary claimed by appellee or not. McVey filed an answer and cross-petition asking to be made a party defendant and claiming the fifteen acres of land. T. E. B. Siler answered alleging that he had contracted for and held a title bond to the McVey fifteen acres; and set up a boundary of a patent to one Alford claiming that he had been the owner of and in the possession of it for twenty-five years, and claimed it and the McVey land were outside the boundary claimed by appellee.

Appellee shows by his survey that the McVey land and about fifteen acres of the Alford patent are within his boundary. It appears that the McVey and the Alford patents are junior patents to the Moses Ingram patent, the one under which appellee claims. Appellants show by their survey that these boundaries of land are outside of the boundary claimed by appellee. Appellee and his witnesses establish pretty positively the location of the hickory and maple, William Collins' corner, which are called for in the Moses Ingram patent, and also the next call, ''N. 50 W. 50 poles,'' to another corner of Collins; and appellee uses the corners for a starting point to establish the other lines and corners; and in thus establishing them, he includes the McVey land and about fifteen acres of the Alford patent. The beginning and second corner of the Moses Ingram survey have disappeared. Appellants' testimony shows where this corner first stood, and the first map they made and filed started from these corners, and then by protraction, they surveyed the land so that it left the McVey and Alford land out, and the map also showed that the Moses Ingram survey did not adjoin the Collins survey, it being located north thereof. This map also located another survey of land by Moses Ingram which conflicted with several other patents. Afterwards, appellants had more surveying done and another map made which began at the ash and hornbeam corner and follows the patent line of the Moses Ingram survey making connection with the William Collins survey, about as fixed by appellee and his witnesses,

and so ran the other lines by protraction as to leave out the McVey and Alford lands.

This case has not been prepared by either party with the view of enlightening the court, but they seem to have had a desire to confuse the court and to harass and annoy each other. It is impossible to tell from this record which party is entitled to recover. The surveyor did too much work by protection. The parties produced much incompetent testimony. It is one of those cases in which we have to rely upon the judgment of the lower court, and we can not say, with certainty, that the lower court erred in its judgment, but, on the other hand, it seems more probable that it was correct.

For these reasons, the judgment of the lower court is affirmed.